Filed 9/26/14  P. v. Anderson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BARRY DUVALL ANDERSON,<br><br>        Defendant and Appellant. | C0C074718<br><br>(Super. Ct. Nos. 11F3063,<br>12F2752) |

        This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we have found errors in the abstract of judgment that require correction.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

        We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### BACKGROUND

**Case No. 11F3063**

        Late at night, Department of Fish and Game Warden Aaron Galwey was on patrol in a remote part of western Shasta County, the Trinity Alps Preserve.  Barry McDonell

1

was with him as a ride-along. They saw a car coming off of a spur road and followed it. The car stopped, continued for a few feet, then stopped again. Galwey activated his overhead lights and the vehicle sped away. Galwey followed. Ultimately the driver, defendant, lost control of the car and crashed into a tree. Defendant then crawled out the driver's-side window and ran. Galwey followed, pushed defendant to the ground, and handcuffed him. McDonell handed Galwey a loaded handgun found on the ground near where defendant had crawled out of the car. The gun was relatively clean and oiled, and did not look as though it had been out in the elements.

A complaint deemed an information charged defendant with possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)),[1] illegal possession of ammunition-prior conviction (§ 12316, subd. (b)(1)), evading a peace officer (Veh. Code, § 2800.1), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)). The information further alleged that defendant had a prior serious felony conviction (§ 1170.12) and had served a prior prison term (§ 667.5, subd. (b)).

Defendant filed a motion to suppress under section 1538.5. At the hearing on the motion to suppress, Galwey testified he saw defendant's vehicle stop and go forward a few times. Then the driver put his hand out the window and waved, as though he was trying to get Galwey to pass. Galway put his lights on at that point because the vehicle was stopped in the roadway and he did not know why he was being signaled. The driver accelerated away, drove erratically at a high rate of speed for the gravel road, lost control of the car, and crashed into a tree. The driver fled from the vehicle and was apprehended by Galwey. Defendant contended he was detained when Galwey first activated his overhead lights, and the detention was improper as he had not committed a Vehicle Code violation and was not obstructing traffic. The trial court found defendant had violated the

---

[1] Undesignated statutory references are to the Penal Code.

Vehicle Code and therefore any detention was reasonable under the circumstances. Accordingly, the trial court denied the motion to suppress.

Following a jury trial, defendant was convicted on all counts. In bifurcated proceedings, he admitted the prior conviction allegations.

**Case No. 12F2752**

Prior to trial in case No. 11F3063, defendant was released from custody on his own recognizance and agreed to appear for the next hearing. He failed to appear for a number of subsequent hearings. The trial court issued arrest warrants. Defendant was returned to custody and then released again.

An amended information charged defendant with four counts of failure to appear on a felony charge. (§ 1320, subd. (b).) The information further alleged defendant had committed an offense while released on his own recognizance (§ 12022.1), had a prior serious felony conviction (§ 1170.12), and had served a prior prison term (§ 667.5, subd. (b)).

Defendant pleaded no contest to two counts of failure to appear and admitted the prior strike allegation. The trial court dismissed the remaining charges and allegations.

**Sentencing**

The trial court sentenced defendant to an aggregate term of six years four months in state prison. In case No. 11F3063, the trial court sentenced defendant to two years for possession of a firearm by a felon, doubled due to his prior strike conviction, plus one year for the prior prison term allegation. The trial court sentenced defendant to a total term of four years on the illegal possession of ammunition-prior conviction charge and stayed that sentence pursuant to section 654. The trial court also imposed a $1,000 restitution fund fine (§ 1202.4) and imposed and stayed a $1,000 parole revocation fine (§ 1202.45). The trial court also imposed a concurrent one-year jail term on each misdemeanor conviction. In case No. 12F2752, on one count of failure to appear, the trial court sentenced defendant to a consecutive term of eight months (one-third the

3

midterm), doubled pursuant to the prior strike to 16 months. On the second count of failure to appear, the trial court sentenced defendant to a concurrent two-year term, doubled due to his prior strike. The court ordered defendant to pay a $200 restitution fund fine (§ 1202.4) and imposed and stayed a $200 parole revocation fine (§ 1202.45). The trial court further ordered defendant to pay a $240 court operations fee (§ 1465.8, subd. (a)(1)); a $180 court facilities assessment (Gov. Code, § 70373); a base fine of $200 (§ 672); a penalty assessment of $200 (§ 1464, subd. (a)); a $20 DNA penalty assessment (Gov. Code, § 76104.6); a $60 DNA penalty assessment (Gov. Code, § 76104.7); a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)(1)); a $140 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)); and a $40 state criminal fine surcharge (§ 1465.7, subd. (a)).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We have found errors, however, that require correction. We have received two amended abstracts of judgment from the trial court. The second, filed in the trial court on August 26, 2014, reflects a total of $1,680 in restitution fund fines (§ 1202.4) and the same amount in parole revocation fines (§ 1202.45). Moreover, the amended abstract does not reflect a number of the fines and fees imposed. The abstract of judgment must conform to the oral pronouncement of judgment. "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not

4

accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we will direct the trial court to correct the abstract of judgment to accurately reflect the oral pronouncement of judgment..

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting the judgment as orally imposed: a $1,200 restitution fund fine (§ 1202.4); a $1,200 parole revocation fine, suspended unless parole is revoked (§ 1202.45); a $240 court operations fee (§ 1465.8, subd. (a)(1)); a $180 court facilities assessment (Gov. Code, § 70373); a base fine of $200 (§ 672); a penalty assessment of $200 (§ 1464, subd. (a)); a $20 DNA penalty assessment (Gov. Code, § 76104.6); a $60 DNA penalty assessment (Gov. Code, § 76104.7); a $100 state court facilities construction fee (Gov. Code, § 70372, subd. (a)(1)); a $140 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)); and a $40 state criminal fine surcharge (§ 1465.7, subd. (a)). The trial court is further directed to forward a certified copy of said corrected abstract of judgment to the California Department of Corrections and Rehabilitation.


                                                        RAYE            , P. J.



We concur:



        NICHOLSON        , J.



        ROBIE              , J.


5